UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL D. ROGERS,

    Petitioner,

v.

TAMMY L. CAMPBELL,

    Respondent.

Case No. 22-cv-05485-JST

**ORDER OF DISMISSAL; DENYING CERTIFICATE OF APPEALABILITY**

Petitioner, an inmate at Corcoran State Prison, filed this *pro se* action seeking a writ of habeas corpus.[1] For the reasons set forth below, the Court DISMISSES the amended petition for a writ of habeas corpus as second or successive, and DENIES a certificate of appealability.

**DISCUSSION**

**A.    Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*,

---

[1] In accordance with Habeas Rule 2(a) and Rule 25(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to substitute warden Tammy L. Campbell as respondent because she is Petitioner's current custodian.

908 F.2d 490, 491 (9th Cir.1990).  For the reasons set forth below, the Court dismisses this petition as second or successive.

**B.     Background**

On April 28, 2006, Petitioner was sentenced to a term of forty-one years to life in state prison after he was found guilty of robbery, burglary, assault and second-degree murder of Lawrence Kimble with a deadly weapon in San Francisco Superior Court Case Numbers 194257 and 2196902.[2]  *People v. Rogers*, No. A112442, 2008 WL 626472 ("*Rogers I*"), at \*9 (Cal. Ct. App. Mar. 10, 2008).

Petitioner unsuccessfully challenged this conviction on direct appeal.  *Rogers II*, 2008 WL 626472, at \*9 (state appellate court affirmed conviction and sentence in 2008); ECF No. 1 at 5 (California Supreme Court denied petition for review in 2008).  In 2016, Petitioner also unsuccessfully challenged this conviction in state superior court.  ECF No. 1 at 34-39.

Petitioner has also challenged this petition twice in federal habeas proceedings.  *See Rogers v. Walker*, C No. 10-0158 WHA (PR) ("*Rogers II*"); *Rogers v. Paramo*, C No. 18-cv-2334 WHA (PR) ("*Rogers III*").  *Rogers II* was denied on the merits.  *Rogers II*, ECF No. 29.  *Rogers III* was denied as second or successive.  *Rogers III*, ECF No. 19.  On March 18, 2019, the Ninth Circuit denied Petitioner's request for authorization to file a second or successive petition.  *Rogers III*, ECF No. 7 (9th Cir. Mar. 18, 2019).

Recently, Petitioner filed a petition in San Francisco Superior Court, Writ No. 7614, that sought re-sentencing relief pursuant to Cal. Penal Code § 1170.95 and raising challenges to his second-degree murder conviction.  This petition was denied by the San Francisco Superior Court on May 24, 2022.  ECF No. 1 at 48-51.

Petitioner filed the instant petition on or about September 27, 2022.  ECF No. 1.  On March 14, 2023, the Court screened the petition and found that it only stated one ground for

---

[2] The first jury convicted Petitioner of robbery, burglary, and assault of Chong arising from the robbery of a liquor store and unrelated to the murder of Kimble, and, with respect to the murder of Kimble and assault of Kimble's wife, acquitted Petitioner of assault of Kimble's wife and the lesser-included charges, and acquitted Petitioner of the first-degree murder of Kimble but deadlocked on the lesser included charges.  The second jury convicted Petitioner of the second-degree murder of Kimble.  *Rogers I*, at \*9.

federal habeas: Petitioner's conviction for second degree murder and the weapons allegations are unconstitutional pursuant to recent California legislation, Senate Bills 755 and 1437, which provide that implied malice cannot be solely used to support a murder conviction. ECF No. 11 at 4. The Court dismissed this claim with prejudice for lack of federal habeas jurisdiction because it alleged an error in application of state law, which is not a ground for federal habeas relief. *Id.* The Court granted Petitioner leave to file an amended petition because Petitioner appeared to have made additional arguments challenging his conviction in the body of the petition. ECF No. 11 at 4-5. On or about May 12, 2023, Petitioner filed an amended petition, ECF No. 14, which the Court screens below.

**C.    Amended Petition**

In the amended petition, Petitioner challenges his conviction on the following grounds: (1) during Petitioner's first trial, the trial court erred in admitting evidence of prior bad acts, and trial counsel failed to object to this the introduction of this evidence; (2) the trial court erred in allowing hearsay testimony that the victim feared Petitioner; (3) double jeopardy; (4) trial counsel was ineffective for failing to raise double jeopardy challenge; (5) the prosecutor committed misconduct by presenting false testimony; (6) the trial court erred in denying the motion to sever; (7) his right to a speedy trial was violated; (8) trial counsel and appellate counsel was ineffective for failing to obtain transcripts and other important information to assist Petitioner's speedy trial claim; and (9) the prosecutor committed misconduct with respect to DNA testing on items recovered from the robbery site. ECF No. 14.

**D.    Dismissal as Second or Successive**

Petitioner is challenging his conviction for robbery, burglary, assault and second-degree murder with a deadly weapon from San Francisco Superior Court Case Numbers 194257 and 2196902. Petitioner has previously filed a petition challenging this conviction and sentence: *Rogers II*, which was denied on the merits on January 11, 2012. *Rogers II*, ECF No. 29. The claims raised in this petition are the same claims as raised in *Rogers II*. *Rogers II*, ECF Nos. 1, 6, 24, 29. This petition must therefore be dismissed because it is "second or successive" within the meaning of § 2244 because these claims were presented in a prior petition. 28 U.S.C.

3

§ 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.").

### E. Certificate of Appealability

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## CONCLUSION

For the reasons set forth above, the Court orders as follows. In accordance with Habeas Rule 2(a) and Rule 25(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to substitute warden Tammy L. Campbell as respondent because she is Petitioner's current custodian. The Court DISMISSES this petition for a writ of habeas corpus as second or successive, and DENIES a certificate of appealability. The Clerk shall enter judgment in favor of Respondent and against Petitioner, deny all pending motions as moot, and close the case.

**IT IS SO ORDERED.**

Dated: May 19, 2023

_____
JON S. TIGAR
United States District Judge